ESTELLE LOCKOWITZ, Respondent, v. CARL MELNYK, Doing Business under the Name of BELL CLEANING, Defendant, and BROADAN COMPANY, INC., Appellant.

First Department, January 31, 1956.

*Abraham L. Shapiro* of counsel (*Abraham Schlissel* with him on the brief; *Emanuel Morgenbesser,* attorney), for appellant.

*Joseph Fuchs* of counsel (*Bernard H. Packman,* attorney), for respondent.

BASTOW, J. This action was brought in Municipal Court by a pedestrian to recover damages for personal injuries alleged to have been received when a brush, which had fallen several floors, struck her on the head. The accident happened about one o'clock in the afternoon near the corner of Broadway and Reade Street in Manhattan. There was evidence that Broadway in this vicinity is a busy thoroughfare, particularly during the lunch hour. It appeared that the appellant, owner, had contracted with the defendant, Melnyk, to clean the windows in the building once a month for the sum of $15. The action was commenced against the owner and window cleaner but service of the summons was not made upon the latter and we are here concerned with the liability, if any, of the owner.

Following a nonjury trial, a decision was handed down dismissing the complaint, the court stating that " [t]his court feels that the proper procedure would be a cause of action against the independent contractor, the [window cleaner]." Upon appeal, the Appellate Term reversed and ordered a new trial in an opinion in which it was stated that since the work of the window cleaner as an independent contractor was inherently dangerous, in that danger to the traveling public was reasonably to be anticipated from its performance, the defendant was liable for the negligence of the contractor. We agree that a new trial is required because of the failure of the trial court to pass upon the factual issues, but, upon this record it cannot be said, as a matter of law, that the work of the window cleaner was so inherently dangerous as to cast upon the appellant liability for the negligence of the independent contractor.

The general rule is recognized that one is not liable for the negligence of an independent contractor unless danger is inherent in the work; but, " [w]hether danger is inherent in the work contracted for and should be reasonably anticipated is a question dependent on the facts of each case." (*Wright* v. *Tudor City Twelfth Unit,* 276 N. Y. 303, 307.)

Upon the new trial, it would seem to be a minimal requirement to have some evidence as to the location of the building with reference to the street line, the height of the building, the time of day when the windows were customarily cleaned and the surrounding conditions at such times. It is upon such

evidence or the absence of it that the trier of the facts may determine whether there was " a high degree of risk in relation to the particular surroundings, or some rather specific danger to those in the vicinity, recognizable in advance as calling for definite precautions." (Prosser on Torts [2d ed.], p. 361.)

Moreover, in a case such as this, consideration should be given as to whether the danger was inherent in the work to be done or had its origin in an act of negligence " collateral " to the work. For such collateral negligence only the independent contractor is liable. (Cf. *Hyman* v. *Barrett,* 224 N. Y. 436, 439; *May* v. *11½ East 49th St. Co.,* 269 App. Div. 180, 185, affd. 296 N. Y. 599.) The distinction is that " [w]here the particular risk is involved in the work to be done itself, as where the sign is to be painted over the sidewalk, the fact that the harm materializes through the incidental negligence of the servant in dropping the paint bucket will not relieve the [owner] of liability. The distinction is thus one between risks inherent in the normal performance of the work and those which arise from the abnormal and unusual misconduct of the workmen; and it is the latter only which are to be regarded as ' collateral ', and for which the [owner] will not be held responsible." (Prosser on Torts [2d ed.], p. 362.)

The determination appealed from should be affirmed, with costs.

Breitel, J. P., Botein, Rabin and Bergan, JJ., concur.

Determination unanimously affirmed, with costs.