MISIULIS v MILBRAND MAINTENANCE CORPORATION

1. Negligence—Master and Servant—Independent Contractors—Liability.

A party who hires an independent contractor, as a general rule, is not vicariously liable for injuries to third persons which are sustained as a result of the negligence of the independent contractor employed by him.

2. Negligence—Master and Servant—Independent Contractors—Liability—Nondelegable Duty.

A party who hires an independent contractor though himself not negligent can be held vicariously liable for the negligence of his contractor generally upon a finding that the employer owed a nondelegable or absolute duty to a third person which prevents the employer from shifting the responsibility for the proper performance of the work to the contractor.

3. Negligence—Master and Servant—Independent Contractors—Control—Liability.

A party who hired an independent contractor and who inspected the work of the contractor three or four times per week did not retain control of any part of the work in the absence of an indication that the inspections were intended to insure anything other than satisfactory completion of the work, and because of the employer's lack of control over the manner in which the work was done, there can be no finding that such party was personally negligent when the contractor created a hazardous situation which resulted in injury to a third person.

4. Landlord and Tenant—Independent Contractors—Negligence—Damages.

A tenant may recover from his landlord for property damages sustained as the result of the negligence of an independent

REFERENCES FOR POINTS IN HEADNOTES
[1-6] 49 Am Jur 2d, Landlord and Tenant § 874.
    57 Am Jur 2d, Negligence §§ 24, 336.
[7] 53 Am Jur, Trial § 355.
    30 Am Jur 2d, Evidence § 1086.
[8] 57 Am Jur 2d, Negligence §§ 6, 7, 295–302.

contractor employed by the landlord to repair the leased premises, and such recovery is allowed irrespective of whether or not the landlord undertook to have the repairs gratuitously made or did so pursuant to an agreement between himself and the tenant.

5. LANDLORD AND TENANT—INDEPENDENT CONTRACTORS—NEGLIGENCE —BUSINESS INVITEE—DAMAGES.

A foreseeable business invitee of a tenant may recover for personal injuries sustained as the result of the negligence of an independent contractor employed by the landlord to repair the leased premises whether gratuitously or otherwise.

6. NEGLIGENCE—LANDLORD AND TENANT—INDEPENDENT CONTRACTORS —LIABILITY—BUSINESS INVITEE.

The lessors of a shopping center are vicariously liable for the negligence of their independent contractor in making repairs on the leased premises which resulted in injury to a foreseeable business invitee of the lessees, because they had a nondelegable duty to exercise reasonable care in making the repairs, they were responsible for setting in motion the course of events which resulted in the business invitee's injuries, they benefited economically, along with their tenants, from the operation of the shopping center, and they can most easily bear and distribute the loss occasioned by the invitee's injury.

7. APPEAL AND ERROR—MOTIONS—DIRECTED VERDICT—EVIDENCE— CONTRIBUTORY NEGLIGENCE—OBSERVATIONS.

The Court of Appeals must view the evidence in the light most favorable to a plaintiff when reviewing a trial court's denial of a defendant's motion for a directed verdict on the basis of the plaintiff's alleged contributory negligence for failure to make proper observations of the conditions of a road.

8. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY— OBSERVATIONS.

A jury, except in the rarest of cases, should be allowed to decide the issue of contributory negligence where a plaintiff is charged with failing to make the proper observation of road conditions.

Appeal from Wayne, Raymond L. Smith, J. Submitted Division 1 January 9, 1974, at Detroit. (Docket No. 13410.) Decided April 26, 1974.

Complaint by Alvin Misiulis against Milbrand

Maintenance Corporation and Barrett M. Woods-mall, Arthur Fastenberg, William Fastenberg, and Marvin Fastenberg for damages for personal injuries received in a motorcycle accident. Verdict and judgment for plaintiff. Defendants Woodsmall and Fastenberg appeal. Affirmed.

*Sullivan, Sullivan, Ranger & Ward,* for defendants Woodsmall and Fastenberg.

Before: McGregor, P. J., and J. H. Gillis and O'Hara,* JJ.

McGregor, P. J. This case arises as a result of an accident which occurred when plaintiff, operating a motorcycle, struck a pile of gravel and debris in the parking lot of a shopping center owned by defendants Fastenberg and managed for them by defendant Woodsmall. Late on the date of May 2, 1968, the plaintiff rode his motorcycle from his residence to a bar located in the shopping center where he consumed a beer in the company of three friends, including one woman. Approximately one-half hour later, plaintiff left the bar with the woman to take her for a ride on his motorcycle. With the woman behind him on the motorcycle, plaintiff started the vehicle, accelerated it to approximately 20 miles per hour and, after travelling about 200 feet, struck a pile of gravel and debris which was approximately 4 feet high. This pile of debris was situated on a paved roadway which led to an exit from the shopping center parking lot. After the motorcycle struck the debris, the plaintiff lost control of it and fell to the pavement, sustaining a fractured kneecap and

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

multiple dirt abrasions on his left arm and left leg in the fall.

Several witnesses testified that there were no lights illuminating the area at the time of the accident; there was, however, no testimony as to the condition of the pavement in the vicinity of the accident.

Plaintiff testified that he had difficulty seeing and distinguishing the pile of debris because it blended in with its surroundings and, further, that he had the low beam of his motorcycle headlight on while he was driving the vehicle. He also testified that, once he saw the pile of debris, he applied his rear brakes instantly, but that he did not apply his front brakes because he thought that such an act would result in the loss of control of the vehicle and that, by applying the rear brakes only he would be able to decelerate from approximately 20 miles per hour to approximately 5 miles per hour.

The pile of debris and gravel had been placed in the roadway by defendant Milbrand Maintenance Corporation, an independent contractor employed by defendants Woodsmall and Fastenberg to repair the roof on a store in the shopping center. In its contract with defendant Woodsmall, Milbrand Maintenance had agreed to keep the debris from this roofing construction cleared away so that it would not interfere with the activities of either the tenants or the customers of the shopping center.

At the close of plaintiff's opening statement, the defendants unsuccessfully moved for a directed verdict. This motion was thereafter twice renewed and twice denied. The jury returned a verdict finding the defendants jointly and severally liable and assessing damages in the amount of $12,000.

On appeal, defendants argue that the trial court erred in denying their motions for a directed verdict and should have dismissed the case at the end of plaintiff's opening statement to the jury because the pleadings and opening statement failed to state a cause of action.

In this Court, defendants contend that, since they contracted with defendant Milbrand Maintenance, an independent contractor, to have the roof on one of the stores in the shopping center repaired, they owed no duty as a matter of law to plaintiff to see that the shopping center was safe for business invitees.

The general rule, which fully supports defendants' position, is that a contractee is not vicariously liable for injuries to third persons which are sustained as a result of the negligence of an independent contractor employed by him. See Prosser, Torts (4th ed), § 71, p 468; 2 Restatement Torts, 2d, § 409, p 370; 41 Am Jur 2d, Independent Contractors, § 24, p 774; 57 CJS, Master and Servant, § 584, p 353. However, the difficulty in this, as in most cases involving independent contractors, is that the recitation of this general rule serves merely as a prelude to a discussion of why it does not apply. Although plaintiff has not seen fit to favor us with a brief in support of the trial court's denial of defendants' motions for a directed verdict, we would be remiss in our duty as an appellate court if we failed, for that reason, correctly to determine whether or not the general rule governs the disposition of this appeal.

In large measure, confusion in this area of the law is attributable to precedential disregard of a fundamental distinction when dealing with the nonapplicability of the general rule. There are a number of situations in which the general rule

definitionally is not involved because the contractee is *personally* at fault, *i.e.,* the contractee's *own* negligence is a proximate cause of the injury sustained. For example, where the contractee negligently employs an incompetent contractor to perform work which results in injury to some third person, the contractee is held liable to the injured third person directly for his own negligence, rather than vicariously for that of his independent contractor. Although other courts have generally referred to such situations as *exceptions* to the general rule, it would seem analytically more accurate to denominate them *exclusions* from that rule, since vicarious liability is not involved and the rule is thus not called into play. Contrariwise, true *exceptions* involve factual settings in which the contractee, himself not negligent, is nonetheless held vicariously liable for the negligence of his independent contractor, notwithstanding the general rule. Generally, such liability is predicated upon a finding that the contractee owed a nondelegable or absolute duty to the third person which prevents the contractee from shifting the responsibility for the proper performance of the work to the contractor. We will analyze the present case in this conceptual framework.

It was established at trial that defendant Woodsmall inspected the work of defendant Milbrand Maintenance three or four times per week. Thus, the most arguably pertinent *exclusion* from the general rule of nonliability is codified in 2 Restatement Torts, 2d, § 414, p 387, which states:

"One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise

reasonable care, which is caused by his failure to exercise his control with reasonable care."

However, on appeal, there is no indication that the inspections conducted by Mr. Woodsmall were intended to insure anything other than satisfactory completion of the work. In light of this fact, Comment C to § 414 is relevant:

"It is not enough [to impose liability under this section] that he [the contractee] has merely a general right to order the work stopped or resumed, *to inspect its progress* or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right to supervision that the contractor is not entirely free to do the work in his own way." (Emphasis added.)

In our judgment, the facts adduced at trial support neither a finding nor a reasonable inference that defendant Milbrand Maintenance was "not entirely free to do the work in [its] own way". Because of defendants' lack of control over the manner in which the work was done, there can be no finding that defendants were personally negligent in this respect.

Having determined that there is nothing in the lower court record to support a finding that defendants were, themselves, negligent, the question remains whether they must answer for the negligence of defendant maintenance corporation.

It is precisely from this *vicarious* liability that the general rule proposes to shield the contractee. However, just as there are *exclusions* from the general rule, *i.e.,* situations in which the general rule by its very terms does not apply, so, too, there

are *exceptions* to the general rule, *i.e.,* situations in which the general rule, although definitionally applicable, does not relieve the contractee of liability for the negligence of his independent contractor because of some overriding policy consideration. Because we now deal with the question of defendants' vicarious or derivative liability, we must turn our attention to these exceptions.

It would serve no useful purpose for this Court to catalog the reasons why the great bulk of the judicially recognized exceptions to the general rule do not apply in this case. Rather than generating such dicta, we will focus our attention on, and limit our inquiry to, that exception which is obviously relevant to the question of defendants' liability.

The facts adduced at trial clearly indicate that defendant lessors, through their agent Woodsmall, employed an independent contractor to make repairs on the leased premises and, as a result of the negligence of the independent contractor in making these repairs, plaintiff, a business invitee, was injured. Thus, the exception discussed and codified in 2 Restatement Torts, 2d, § 420, p 403, is pertinent:

"A lessor of land who employs an independent contractor to make repairs which the lessor is under no duty to make, is subject to the same liability to the lessee, *and to others upon the land with the consent of the lessee,* for physical harm caused by the contractor's negligence in making or purporting to make the repairs as though the contractor's conduct were that of the lessor." (Emphasis added.)

Section 419 of Restatement 2d confirms that this same rule applies when the lessor is under a duty to make the repairs. The only difference between the lessor's liability under § 419 and § 420 is that,

in the former, the lessor may be liable for the contractor's failure to make a repair at all, whereas there is no such liability under the latter section.

Similarly, Dean Prosser has noted:

"When the lessor does in fact attempt to make repairs, whether he is bound by a covenant to do so or not, and fails to exercise reasonable care, there is general agreement that he is liable for resulting injuries to the tenant *or to members of his family or others on the premises in his right.*

\* \* \*

"When the lessor entrusts the repairs to an independent contractor, the general weight of authority is that his duty of care in making them cannot be delegated, and he will be liable for the contractor's negligence. Nearly all courts are agreed on this where the work is done on a part of the premises over which the lessor has retained control, or where it is pursuant to his contract with the tenant, but there is a division of opinion where no control is retained, and the repairs to the leased premises are gratuitous. Even here the better view seems to be that the tenant's right to rely on the landlord is such that the responsibility cannot be shifted; and the more recent cases have tended to take this position." Prosser, Torts (4th ed), § 63, pp 410–412. (Emphasis added.)

This rule—that a landlord has a nondelegable duty both to his tenant and others rightfully on the premises with respect to repairs undertaken by him—finds further support in 49 Am Jur 2d, Landlord and Tenant, § 875, p 846:

"It is a well-established principle that one cannot relieve himself of the consequence of neglect in the performance of his agreement by employing an independent contractor to do the work, and the courts generally agree that a landlord who undertakes to make repairs or improvements for the benefit of his

tenant, whether he is obligated by law or by agreement with the tenant to do so, or whether he does so gratuitously, cannot relieve himself from his liability for negligence in making such repairs or improvements by employing an independent contractor to do the work; if he does employ an independent contractor who does the work so negligently as to cause injury thereby, the landlord is liable to the same extent as if he had done the work himself. The landlord, in making repairs and improvements on the demised premises, owes a duty of reasonable care to the occupying tenant which he cannot escape by placing the work with an independent contractor, especially if the work to be done is attended with danger to the tenant or one in his right. *The rule extends in favor of members of the tenant's family and his guests and invitees—those to whom the landlord owes the same duty of care and protection from negligent injury as he does to the tenant.*" (Emphasis added.)

Michigan law on this problem is less than clear. With reference to the existence of a nondelegable duty, it is stated in 13 Callaghan's Michigan Civil Jurisprudence, Independent Contractors, § 37, pp 314–315:

"The rule that where one owes an absolute duty to another, he cannot acquit himself of liability by delegating that duty to an independent contractor, has particular application to cases involving the relation of landlord and tenant. Thus, where a landlord undertakes to make repairs or improvements for his tenant, he cannot relieve himself of the consequences of neglect in the performance of his agreement by employing an independent contractor. Even though the repairs or reconstruction are made by a cotenant with the permission of the landlord, rather than by the landlord himself, the landlord remains liable to a tenant for damage resulting from the negligence of an independent contractor."

Thus, in Michigan, a tenant may recover for property damage sustained as the result of the negligence of an independent contractor employed

by the landlord to repair the leased premises. Such recovery is allowed irrespective of whether or not the landlord undertook to have the repairs gratuitously made or did so pursuant to the agreement between him and the lessee. *Peerless Manufacturing Co v Bagley,* 126 Mich 225, 85 NW 568 (1901).

The obvious difficulty in the instant case is whether or not such liability on the part of the landlord should extend to situations involving personal injuries to business invitees of the tenant.

This Court's unaided research has disclosed only one Michigan case that deals with the question of a landlord's liability for personal injuries sustained by a tenant's business invitee as the result of the negligence of the landlord's independent contractor, namely *Sorenson v Kalamazoo Auto Sales Co,* 201 Mich 318; 167 NW 982 (1918). In that case the plaintiff was injured when a gate on a garage elevator failed properly to close and he drove into the elevator shaft. The premises were owned by one Watkins and leased by him to defendant Kalamazoo Auto Sales Company, which operated the garage. The defendant company frequently had the gate on an automobile elevator located in the garage repaired and maintained by one McNally. Shortly before the occurrence of the accident, the sales company was notified by McNally that it would be advisable to place the posts which supported the elevator gate nine inches further apart. The defendant sales company declined to pay the cost of putting the new posts in, whereupon McNally contacted defendant Watkins, who agreed to pay the necessary expense to set the posts further apart. As a result of the faulty operation of the gate, the plaintiff drove his car into the elevator, expecting, of course, that the elevator floor would be there. As he later learned,

the elevator was one or two stories above the point at which he drove into the elevator shaft. Plaintiff instituted suit against both Watkins and the sales company, and recovered a verdict and judgment against both. Motions by each defendant for a directed verdict and judgment notwithstanding the verdict were denied, as were their motions for new trial. Defendants thereupon sought review in our Supreme Court.

On appeal, a majority of the Supreme Court reversed the judgment as to defendant Watkins and held that McNally was an independent contractor, for whose negligence defendant Watkins was not answerable. Although the basis of the majority's decision is less than clear, they did note (p 335):

"Assuming, however, that at the moment of the accident the gate was not properly operating that fact cannot be used to fix liability upon defendant Watkins, the owner (*Brady v Klein,* 133 Mich 422; 95 NW 557 [1903]), because the sales company through their employee, Tucker, either knew or should have known of the defect."

Two important aspects of the *Sorenson* case serve to distinguish it from the one presently under consideration. First, there is no contention in this case, as there was in *Sorenson,* that the landlord's tenant knew or should have known of the defect. Indeed, the argument has been made here that the landlord's agent knew or should have known of the defect. In light of Mr. Woodsmall's capacity as a supervising agent for defendants Fastenberg, it would appear that, if anyone could be chargeable with actual or constructive notice of the pile of gravel and debris, it would be the landlord and not the tenant. Second, in the *Sorenson* case, the repairs undertaken by the land-

lord had been completed at the time of the accident, whereas in this case, the repairs were still being made when the plaintiff was injured as a result of the independent contractor's negligence.

Thus, in our view, the *Sorenson* case is distinguishable and does not provide a ready answer to the question before us now.

In the absence of controlling Michigan authority, we feel free to adopt the approach suggested by the Restatement, Dean Prosser, and American Jurisprudence. We do so in the belief that the views expressed by these authorities are consonant with those policy considerations which underly the concept of a nondelegable duty and are a logical extension of existing Michigan precedent.

As noted earlier, our Supreme Court has allowed recovery by a tenant *against his landlord* for property damage sustained as a result of the negligence of an independent contractor employed by the landlord to make repairs on the leased premises. *Peerless Manufacturing Co v Bagley, supra.* In that case the Court noted (p 229):

> "There is, however, another rule, and which may be called an exception to that above stated, viz., that, where one owes an absolute duty to another, he cannot acquit himself of liability by delegating that duty to an independent contractor. To apply the rule to the present case, it may be thus stated: Where a landlord undertakes to make repairs or improvements for his tenant, he cannot relieve himself of the consequences of neglect in the performance of his agreement by employing an independent contractor."

If the intervention of an independent contractor does not shield the landlord from liability for property damage sustained by his tenant, why should it shield him from liability for personal injuries sustained by a *foreseeable* business invitee

of a tenant? The national authorities discussed above urge that the rule of the *Peerless* case be extended to include factual situations identical to that now before us. This Court is unable to justify a refusal to do so.

Once it is conceded that the risk of injury is foreseeable, as it must be in this case, the only remaining question is whether the attendant duty to exercise reasonable care to avoid the injury is delegable to an independent contractor. The answer to that question depends on policy considerations with respect to the defendant's ability to prevent the injury and to absorb and distribute the loss in the event the injury occurs.

In *Bleeda v Hickman-Williams & Company,* 44 Mich App 29, 33; 205 NW2d 85 (1972), Judge (now Justice) Levin quoted approvingly from 2 Harper & James, Law of Torts, § 26.11, p 1400, that:

"[T]he chief warrant for vicarious liability must be found in the principle that an enterprise (and its beneficiaries) should pay for the losses caused by the risks which it creates (even without its fault)."

In the present case, defendants Fastenberg were responsible for setting in motion the course of events which resulted in plaintiff's injuries; it is they who benefited economically, along with their tenants, from the operation of the shopping center; and it is they who can most easily bear and distribute the loss occasioned by plaintiff's injury.

The considerations support the conclusion that defendants Fastenberg owed plaintiff, a foreseeable business invitee, a nondelegable duty to exercise reasonable care in making repairs, whether gratuitously or otherwise, on the leased premises. Although defendants would of course transfer the task of making the repairs to an independent

contractor, they could not thereby shift their duty to plaintiff to make the repairs with reasonable care.

We therefore hold that defendants Fastenberg are vicariously liable for the negligence of their independent contractor in making repairs on the leased premises which resulted in injury to plaintiff, a business invitee.

Thus, the plaintiff's pleadings and opening statement did state a cause of action and the trial court did not err in refusing to direct a verdict in defendants' favor. We hasten to emphasize that we are not holding that the proofs adduced at trial establish defendants' personal negligence; rather, we are simply saying that, notwithstanding the absence of such proof, they are nonetheless vicariously liable for the undisputed negligence of their independent contractor. Thus we express no opinion on the merits of any possible action by the Fastenbergs against Milbrand Maintenance for indemnification.

Defendants additionally argue that the trial court erred in not granting a directed verdict in their favor on the basis that plaintiff was contributorily negligent as a matter of law.

It is well established that this Court must view the evidence in the light most favorable to plaintiff when reviewing the trial court's denial for a requested directed verdict on the basis of the plaintiff's alleged contributory negligence for failure to make proper observations. See *Birkhill v Todd*, 20 Mich App 356; 174 NW2d 56 (1969); *Pollock v Farmers Mutual Fire Insurance Co*, 349 Mich 12; 84 NW2d 238 (1957). Moreover, it has been held that only in the rarest of cases should a jury not be allowed to decide the issue of contributory negligence, where plaintiff is charged with failing

to make the proper observation of road conditions. *Barron v Detroit*, 348 Mich 213; 82 NW2d 463 (1957).

Albeit in the instant case, there is substantial evidence from which the jury could find the plaintiff was guilty of contributory negligence in the operation of his motorcycle, it is far from conclusively established that he failed to make proper observation. There was no evidence that plaintiff ever deviated his observation from the road ahead of him while he was operating his motorcycle. Additionally, plaintiff's testimony that the pile of debris blended in with its surroundings and was difficult to see because of the absence of artificial lighting in the area could have been reasonably relied upon by the jury in determining that he was not negligent in failing to see the pile of gravel and debris. Viewed in the light most favorable to plaintiff, this evidence could support the finding that he was not guilty of contributory negligence.

Moreover, it was not conclusively established that the two years' experience which the plaintiff had in riding motorcycles, his lack of sleep, or his consumption of alcohol diminished his ability to operate the vehicle. Therefore, reasonable minds could differ as to whether plaintiff was incompetent to operate his motorcycle at the time of the accident.

The facts in the instant case are not so unusual or rare that the issue of contributory negligence should have been taken from the jury. Therefore, the trial court did not commit reversible error in failing to find plaintiff contributorily negligent as a matter of law.

Judgment affirmed.

All concurred.