■ ROBERT F. VANIGLIA, Respondent, v NORTHGATE HOMES et al., Respondents, and BROOKLYN UNION GAS COMPANY, Appellant, et al., Defendants. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, defendant Brooklyn Union Gas Company appeals from an order of the Supreme Court, Richmond County (Kuffner, J.), dated February 2, 1984, which denied its motion for summary judgment dismissing the complaint and any cross claims as to it.

Order reversed, on the law, with one bill of costs payable by respondents appearing separately and filing separate briefs, motion granted, complaint and any cross claims dismissed as to appellant, and action as against the remaining defendants severed.

On March 30, 1977, plaintiff, Robert Vaniglia, sustained serious injuries at a construction site in Richmond County when a construction worker who was in the process of excavating a ditch disengaged an underground electrical conduit, causing it to rise above ground, whereupon plaintiff was struck. Defendants-respondents were the owners of the site where the accident occurred and were also the general contractors of a project involving the erection of new homes at that site. Plaintiff was employed as an electrician by one of defendants-respondents' subcontractors in connection with this project. At a nearby location, appellant was in the process of installing gas mains and, in connection therewith, had contracted with United Associates Construction and Excavating Corp. (United). On the date of the accident, two construction workers from the defendants-respondents' project came over to the Brooklyn Union site and asked United's foreman to lend them a backhoe and an operator to assist with some excavation at defendants-respondents' site. Nicholas Spagnola, United's equipment operator, responded to this request and plaintiff was consequently injured when the backhoe operated by Spagnola struck him.

Plaintiff commenced suit against defendants-respondents, Spagnola, appellant, and a variety of other subcontractors involved in the construction projects. Subsequently, appellant moved for summary judgment dismissing the complaint and any cross claims against it. Special Term's denial of that motion was erroneous.

The record reveals that Nicholas Spagnola was an employee of United. The contract executed between appellant and United designated the latter an independent contractor. Though appellant reserved some measure of control, to insure that the work conformed to specifications, these provisions did not convert the

relationship into that of employer-employee (see *Uppington v City of New York,* 165 NY 222; *Irwin v Klein,* 271 NY 477; *Wawrzonek v Central Hudson Gas & Elec. Corp.,* 276 NY 412). The contract did not subject United to the will of appellant with respect to the manner and details of performance, but only with respect to the result (see *Matter of Beach v Velzy,* 238 NY 100).

Though "[a] hirer may also be liable for the negligence of an independent contractor where there was danger to others inherent in the work and the hirer reasonably should have anticipated, from the nature of the work, that it would be dangerous to others" (*Kojic v City of New York,* 76 AD2d 828, 830), plaintiff has failed to set forth any facts or evidence which would substantiate that appellant had notice of an inherent danger in the excavation procedure, or that Mr. Spagnola was unqualified to perform the task. "[W]here the danger arises merely because of the negligence of [an] independent contractor or his employees, which negligence is collateral to the work and which is not reasonably to be expected, the owner [general contractor] cannot be held liable to a third party" (*Schwartz v Merola Bros. Constr. Corp.,* 290 NY 145, 152; *Lockowitz v Melnyk,* 1 AD2d 138, 140). Beyond mere conjecture, plaintiff has not shown how the excavation was necessary or even related to the performance contemplated under the contract between United and appellant. Hence, no duty should be imposed on appellant to supervise employees of its independent contractor for the purpose of preventing the commission of collateral torts at an unrelated working site, particularly where, as here, it did not direct the act nor take an active part in its commission.

Since plaintiff has failed to demonstrate by admissible evidence the existence of factual issues which would warrant a trial as to the appellant (see *Zuckerman v City of New York,* 49 NY2d 557), Special Term erred in denying its motion for summary judgment. Titone, J. P., Gibbons, Bracken and Rubin, JJ., concur.