[No. A015101. First Dist., Div. Three. Feb. 26, 1985.]

PHILIP CAUDEL, Plaintiff and Appellant, v.
EAST BAY MUNICIPAL UTILITY DISTRICT,
Defendant and Respondent.

2

4

**COUNSEL**

Meyer & Mitchell and Jack P. Dougherty for Plaintiff and Appellant.

Gordon & Rees and Donald K. Bussiere for Defendant and Respondent.

**OPINION**

**WHITE, P. J.**—Philip Caudel appeals from an order and judgment granting respondent East Bay Municipal Utility District's motion for summary judgment. We reverse.

The accident out of which this lawsuit arose occurred on July 20, 1979. Appellant's employer, Guy F. Atkinson Company (the contractor), had contracted with respondent to perform certain construction work on the San Pablo Dam in Orinda. Appellant was employed as a bulldozer operator on the construction project. All of the equipment used on the job was owned, maintained and serviced by the contractor. At the time of the accident, appellant was supervised by employees of the contractor.

Respondent maintained an engineer at the job site for general inspection purposes, in order to see that the contractor was following the contract specifications. The contract between respondent and the contractor provided that respondent's engineer had authority over directing the course of the project work, but that liability for loss or damage due to accidents rested with the contractor. Respondent's inspection engineer was present at the jobsite at all times that work was being performed, including the period from 11:30 p.m. to 8 a.m.

At the time of the subject accident, the contractor was performing excavation and earthmoving work at night. Excavated mud was dumped in certain areas and then spread out. Although the project was generally illuminated through the use of light towers furnished, maintained and erected by the contractor, some portions of the work area were not well illuminated. According to appellant's own deposition testimony, the accident occurred when appellant's foreman directed appellant to drive his bulldozer into an area that was some distance away from the lights.[1] Patrick A. Clinton, a junior civil engineer employed by respondent, testified that this area was extremely muddy, slick and wet and was "not well lighted"; indeed, it was so dark that he could not see without the use of a flashlight. Shortly after midnight, July 20, 1979, while appellant was working in the unlighted area, the foreman signalled with his flashlight to appellant to dismount from the bulldozer and come towards him. As appellant began to dismount, he slipped on some mud on the push arm of the bulldozer and fell two feet to the ground.

Subsequently, appellant filed this lawsuit alleging personal injuries and seeking damages from respondent. Respondent's motion for summary judgment was continued in order to allow appellant six months to obtain facts through discovery to show that there was a triable issue of fact with regard to the issue of whether respondent was supervising and directing appellant's activities. After six months, respondent refiled its motion, which was granted. This appeal followed.

At the time of the accident, appellant was employed by an independent contractor. ▇ As a general rule, an employer is not liable for the negligence or other tort of an independent contractor or of the latter's employees. (*McDonald* v. *Shell Oil Co.* (1955) 44 Cal.2d 785, 788 [285 P.2d 902]; *West* v. *Guy F. Atkinson Constr. Co.* (1967) 251 Cal.App.2d 296, 299 [59 Cal.Rptr. 286].) However, this rule is subject to so many exceptions that it has been said that nonliability is now the exception, and the so-called "general rule" will be followed only where no good reason is found for departing

---

[1]According to appellant's declaration filed in opposition to the motion for summary judgment, the foreman told appellant that respondent's personnel had ordered and directed that heavy wet sledge materials be moved to the unlighted area. This hearsay testimony was not supported by any admissible evidence.

from it. (*Van Arsdale* v. *Hollinger* (1968) 68 Cal.2d 245, 252 [66 Cal.Rptr. 20, 437 P.2d 508]; *Castro* v. *State of California* (1981) 114 Cal.App.3d 503, 509-510 [170 Cal.Rptr. 734]; 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 657, p. 2937.)

The principle exception to this rule is known as the "peculiar risk" doctrine. ■ As stated in the Restatement of Torts: "One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise." (Rest.2d Torts, § 416.)[2] ■ ■ ■ ■ The rule set forth in section 427 of the Restatement Second of Torts is closely related to and to a considerable extent a duplication of the rule stated in section 416.[3]

■ Appellant contends that the peculiar risk in the instant case arose from the fact that the work involved—moving heavy excavated materials over wet, slick, slippery and muddy ground—was being performed *at night.* The risk was arguably "peculiar" because unless special precautions were taken, this kind of work was likely to create a foreseeable, identifiable risk of harm to individuals, who would be liable to slip and fall in the dark and thereby injure themselves. The special precautions to be taken here, at a minimum, would be the provision of adequate lighting to illuminate the area in which work was to take place. Appellant argues that respondent was liable for the injuries he suffered because they resulted from the negligent failure to provide adequate lighting in all parts of the work site.

Appellant's position is supported by the case law. ■ In general, as long as a peculiar risk is present, it is irrelevant whether it was the independent contractor or the contractor's employer who was negligent in failing to exercise reasonable care to take the necessary precautions; under the law, the employer will be liable for physical harm resulting from the negligence. (*LaCount* v. *Hensel Phelps Constr. Co.* (1978) 79 Cal.App.3d 754, 762-764 [145 Cal.Rptr. 244].) ■ " 'A peculiar risk is a risk which is peculiar to the work to be done and arises out of its character or the place where it

---

[2]Section 413 of the Restatement is virtually identical to this provision, differing from section 416 only to the extent that it imposes direct liability on the employer when he has made no provision in the contract or otherwise for taking the required precautions. (Rest.2d Torts, § 413; see also Rest.2d Torts, § 427; *Griesel* v. *Dart Industries, Inc.* (1979) 23 Cal.3d 578, 585-586 [153 Cal.Rptr. 213, 591 P.2d 503].)

[3]Section 427 of the Restatement Second provides: "One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger."

is to be done, and against which a reasonable person would recognize the necessity of taking special precautions.' (*Griesel* v. *Dart Industries, supra,* 23 Cal.3d at p. 586; Rest.2d Torts, §§ 413, com. b, 416, com. b.) It is something other than the ordinary and customary dangers which may arise in the course of the work or of normal human activity." (*Aceves* v. *Regal Pale Brewing Co.* (1979) 24 Cal.3d 502, 509 [156 Cal.Rptr. 41, 595 P.2d 619].) The peculiar risk doctrine is concerned with " 'special risks, peculiar to the work to be done, and arising out of its character, or out of the place where it is to be done, against which a reasonable man would recognize the necessity of taking special precautions. . . . "Peculiar" does not mean that the risk must be one which is abnormal to the type of work done, or that it must be an abnormally great risk. It has reference only to a special, recognizable danger arising out of the work itself.' (Rest.2d Torts, § 413, com. b.)" (*Castro* v. *State of California, supra,* 114 Cal.App.3d at p. 510.)

In this case, the danger was that of working in a rough, slick, slippery, muddy environment at night. Although construction work frequently or even ordinarily takes place in areas where the ground is rough, slick or muddy, it is not ordinary or customary that this work be performed in the dark. When work of this nature must be performed at night, as here, we believe that a reasonable person would recognize the risks and the consequent necessity of taking special precautions; to wit, providing adequate artificial illumination. At any rate, the issue of whether there was a peculiar risk of harm under the facts of this case is properly a question for the finder of fact. "Whether the particular work which the independent contractor has been hired to perform is likely to create a peculiar risk of harm to others unless special precautions are taken is ordinarily a question of fact. [Citations.]" (*Castro* v. *State of California, supra,* 114 Cal.App.3d at p. 511.)

Respondent contends, however, that it could not be liable under the peculiar risk theory because appellant's injuries were caused by the "collateral" negligence of the employee who ordered appellant to move his bulldozer into the unlighted area and then signalled to appellant to dismount the bulldozer. Citing *Salinero* v. *Pon* (1981) 124 Cal.App.3d 120, 137-139 [177 Cal.Rptr. 204], and *Stark* v. *Weeks Real Estate* (1979) 94 Cal.App.3d 965, 972-973 [156 Cal.Rptr. 701], respondent argues that the actual supervision of appellant's work on the bulldozer was an "operative detail" of the work, that any negligence with respect to this supervision was "collateral" to the work itself, and that the peculiar risk doctrine was therefore inapplicable to this case.

The employer of an independent contractor is not liable under the peculiar risk doctrine for the so-called "collateral" or "casual" negligence of the contractor or his employees. (*Aceves* v. *Regal Pale Brewing Co., supra,* 24 Cal.3d at p. 510; *Smith* v. *Lucky Stores* (1976) 61 Cal.App.3d

826, 830 [132 Cal.Rptr. 628].) The Restatement rule concerning collateral negligence is set forth in section 426, which reads in relevant part as follows: "[A]n employer of an independent contractor, unless he is himself negligent, is not liable for physical harm caused by any negligence of the contractor if [¶] (a) the contractor's negligence consists solely in the improper manner in which he does the work, and [¶] (b) it creates a risk of such harm which is not inherent in or normal to the work, and [¶] (c) the employer had no reason to contemplate the contractor's negligence when the contract was made."

This distinction between "collateral" or "casual" negligence and negligence which will render the employer liable has been described as "a shadowy one at best." (*Van Arsdale* v. *Hollinger, supra,* 68 Cal.2d at p. 252, quoting Harper, Law of Torts (1933) § 292.) On this subject, the Supreme Court has observed: "'Casual' or 'collateral' negligence has sometimes been described as negligence in the operative detail of the work, as distinguished from the general plan or method to be followed. Although this distinction can frequently be made, since negligence in the operative details will often not be within the contemplation of the employer when the contract is made, the distinction is not essentially one between operative detail and general method. 'It is rather one of negligence which is unusual or abnormal, or foreign to the normal or contemplated risks of doing the work, as distinguished from negligence which creates only the normal or contemplated risk.' (Rest.2d Torts, § 426, com. a; see Prosser, Law of Torts, 4th ed. (1971) pp. 474-475.)" (*Aceves* v. *Regal Pale Brewing Co., supra,* 24 Cal.3d at p. 510.) Prosser defines collateral negligence as follows: "The test of 'collateral' negligence, therefore, appears to be, not its character as a minor incident or operative detail of the work to be done, but rather its disassociation from any inherent or contemplated special risk which may be expected to be created by the work." (Prosser, Torts (4th ed. 1971) p. 475.)

■ Thus, an employer is required to contemplate, and to be responsible for, the negligence of the contractor with respect to all special risks or dangers to others which are inherent in or peculiar to the work to be done, arising out of the normal and usual manner of doing work of that character under the particular circumstances or situation at hand. (Rest.2d Torts, §§ 413, com. b, 416, com. b, d, e, 426, com. b, 427, com. b.) On the other hand, "[h]e is not required to contemplate or anticipate abnormal or unusual kinds of negligence on the part of the contractor, or negligence in the performance of operative details of the work which ordinarily may be expected to be carried out with proper care, unless the circumstances under which the work is done give him warning of some special reason to take precautions, or some special risk of harm to others inherent in the work." (Rest.2d Torts, § 426, com. b; see also Rest.2d Torts, § 427, com. d.)[4]

---

[4]Some of the terminology used by the Restatement and the cases following it, presumably designed to clarify the rule, tends to engender confusion. Care must be taken to distinguish

■ In this case, then, the question is whether appellant's alleged injuries resulted from negligence which was unusual or abnormal, creating a new risk not inherent in the work itself or in the ordinary or prescribed way of doing it, and not reasonably foreseeable by respondent; or whether the injuries were caused by normal negligence which precipitated a contemplated special risk of harm which was itself "peculiar to the work to be done, and arising out of its character, or out of the place where it is to be done, against which a reasonable man would recognize the necessity of taking special precautions." (Rest.2d Torts, § 413, com. b.) This question, like the broader issue of whether there was a peculiar risk inherent in the work being performed, is a question of fact to be resolved by the trier of fact. (*Castro* v. *State of California, supra,* 114 Cal.App.3d at p. 511; *Mackey* v. *Campbell Construction Co.* (1980) 101 Cal.App.3d 774, 785-786 [162 Cal.Rptr. 64]; *Walker* v. *Capistrano Saddle Club* (1970) 12 Cal.App.3d 894, 899 [90 Cal.Rptr. 912].)[5]

The statute setting forth the grounds for summary judgment states that a motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether the papers show that there is no triable issue as to any material fact the court shall consider all of the evidence set forth in the papers, except that to which objections have been made and sustained by the court, and all inferences reasonably deducible from such evidence, except summary judgment shall not be granted by the court based on inferences reasonably deducible from such evidence, if contradicted by other inferences or evidence, which raise a triable issue as to any material fact." (Code Civ. Proc., § 437c, subd. (c).) ■ "The summary judgment procedure is a drastic measure depriving the losing party of a trial on the merits and may not be granted unless it is clear from the affidavits or the declarations filed in connection with the motion that there are no triable issues of fact. [Citation.] The affidavits or declarations of the moving party are to be strictly construed and those of the opponent liberally construed. [Citation.] . . . In all cases,

---

between "negligence which is unusual or abnormal, or foreign to the normal or contemplated risks of doing the work," and negligence as to special dangers to others which are inherent in or normal to the work to be done. The former negligence is "collateral negligence," as to which the employer is not liable; while the latter negligence, even if "normal" or "contemplated," *is* actionable as against the employer because of the "peculiar risk" arising from the work.

[5]Our review of the relevant cases suggests that the facts here do not present an instance of collateral negligence unconnected with any inherent peculiar risk which could be expected to arise from this kind of work being performed at night under these conditions. (Compare *Salinero* v. *Pon, supra,* 124 Cal.App.3d 120; *Stark* v. *Weeks Real Estate, supra,* 94 Cal.App.3d 965; and *Smith* v. *Lucky Stores, supra,* 61 Cal.App.3d 826 [cases in which "collateral negligence" was found]; with *Aceves* v. *Regal Pale Brewing Co., supra,* 24 Cal.3d 502; *Henderson Bros. Stores, Inc.* v. *Smiley* (1981) 120 Cal.App.3d 903 [174 Cal.Rptr. 875]; *Castro* v. *State of California, supra,* 114 Cal.App.3d 503; *Mackey* v. *Campbell Construction Co., supra,* 101 Cal.App.3d 774; and *LaCount* v. *Hensel Phelps Const. Co., supra,* 79 Cal.App.3d 754 [cases in which no collateral negligence was found].)

any doubts as to whether summary judgment is proper should be resolved against the moving party. [Citation.]" (*Rawlings* v. *D. M. Oliver, Inc.* (1979) 97 Cal.App.3d 890, 895-896 [159 Cal.Rptr. 119].) ▮ Here, the evidence set forth in appellant's papers raised inferences which, at the very least, contradicted the inferences arising from respondent's moving papers and evidence. Although the record in the case at bar does not establish that the "peculiar risk" rule is definitely applicable, the facts suggest that it could well apply. Such an inference is "reasonably deducible" (Code Civ. Proc., § 437c, subd. (c)) from the fact that appellant was injured on the job site at night in an area that was inadequately illuminated.

Neither respondent's general arguments that there was no "peculiar risk" under the circumstances presented and that appellant's injuries were caused by "collateral negligence" of a fellow employee, nor the declarations submitted in support of its motion for summary judgment, resolve the factual issues raised by the pleadings. We conclude that the nature of the risk and the negligence involved, if any, remain triable issues of material fact. It was therefore error for the trial court to have granted respondent's motion for summary judgment. (*George Ball Pacific, Inc.* v. *Coldwell Banker & Co.* (1981) 117 Cal.App.3d 248, 251-252 [172 Cal.Rptr. 597]; *Fosgate* v. *Gonzales* (1980) 107 Cal.App.3d 951, 954-955 [166 Cal.Rptr. 233]; *Rawlings* v. *D. M. Oliver, Inc., supra,* 97 Cal.App.3d at pp. 895-896; *Western Contracting Corp.* v. *Southwest Steel Rolling Mills, Inc.* (1976) 58 Cal.App.3d 532, 541-542 [129 Cal.Rptr. 782].)

The judgment is reversed.

Scott, J., and Barry-Deal, J., concurred.