822 P.2d 677

**Oriene BROOME, Plaintiff–Appellant,**

v.

**Charles BYRD, Defendant–Appellee,**

**Steve Spina and Star D. Spina, Defendants.**

**No. 11498.**

Court of Appeals of New Mexico.

Nov. 8, 1991.

John R. Gerbracht, Socorro, for plaintiff-appellant.

Frank N. Chavez, Campbell, Reeves, Chavez & Acosta, P.A., Las Cruces, for defendant-appellee.

## OPINION

APODACA, Judge.

Plaintiff appeals the trial court's summary judgment dismissing defendant Charles Byrd, the owner of a commercial building (defendant), from plaintiff's negligence action. Plaintiff, an employee of defendant's tenant, was injured when she tripped and fell over a painter's drop cloth as she was leaving work. The drop cloth had been placed on the floor of a vestibule area just outside the door of her employer's business by an employee of a painter hired by defendant to paint the exterior of the building. The trial court entered summary judgment on the basis that the painter was an independent contractor and that defendant was thus insulated from liability as a matter of law. The parties agree that the painter was an independent contractor and that the injury occurred in an area of the building over which defendant had control.

The sole issue presented by this appeal is whether defendant, as the owner of the building, can be held liable for injuries resulting from a condition created by the alleged negligence of an independent contractor hired by defendant to make repairs in that part of the building over which defendant retained control. We hold that, under the facts of this appeal, notwithstanding the general rule that an employer of an independent contractor is not liable for the contractor's negligence, defendant can be held vicariously liable for any negligence of the independent contractor. Therefore a jury question is presented and the summary judgment is reversed.

## DISCUSSION

In New Mexico, the owner of a building owes business visitors the duty to use ordinary care to keep the premises safe. SCRA 1986, 13–1309 (Repl.1991). Plaintiff, as an employee of defendant's tenant, was a business visitor to whom defendant, as owner of the building, owed such a duty. *See* SCRA 1986, 13–1303 (Repl.1991); *Latham v. Aronov Realty Co.*, 435 So.2d 209 (Ala.1983). Defendant seeks to avoid liability for plaintiff's injuries by resorting to the general rule that an employer is not vicariously liable for the negligence of an independent contractor. SCRA 1986, 13–404; Restatement (Second) of Torts § 409 (1965) (Restatement). Plaintiff, on the other hand, contends that various exceptions to this general rule apply, making defendant liable. Indeed, our supreme court has noted that this rule of nonliability has numerous exceptions. *Budagher v. Amrep Corp.*, 97 N.M. 116, 637 P.2d 547 (1981) (citing Restatement §§ 409–429 (1965)). Generally New Mexico law does not allow a landowner to escape liability by delegating repair and maintenance

functions to third parties. *See, e.g., Mitchell v. C & H Transp. Co.,* 90 N.M. 471, 565 P.2d 342 (1977); *Edwards v. Ross,* 72 N.M. 38, 380 P.2d 188 (1963). However, no New Mexico case has discussed the potential liability of an employer for the negligence of an independent contractor in the context of the facts in this appeal.

■ Our review of cases from other jurisdictions indicates that, generally, the owner of a building has a nondelegable duty to maintain safely those areas over which he has retained control and that this duty cannot be avoided by hiring an independent contractor to make repairs. *See Koepke v. Carter Hawley Hale Stores, Inc.,* 140 Ariz. 420, 682 P.2d 425 (Ct.App. 1984) (owner of department store held vicariously liable for injury to customer who tripped over a chalk line stretched across an aisle by employees of independent contractor hired to remodel the store, if contractor's acts constituted negligence); *Misiulis v. Milbrand Maintenance Corp.,* 52 Mich.App. 494, 218 N.W.2d 68 (1974) (lessor of a shopping center held vicariously liable for injuries to a tenant's business invitee who struck a pile of gravel and debris left in the parking lot by independent contractor hired to repair the roof); *Mayer v. Fairlawn Jewish Center,* 38 N.J. 549, 186 A.2d 274 (1962) (owner of building held vicariously liable for injury to invitee who fell into an unguarded stairwell under construction by independent contractor hired to remodel the building); *Lipman Wolfe & Co. v. Teeples & Thatcher, Inc.,* 268 Or. 578, 522 P.2d 467 (1974) (en banc) (owner of retail department store held vicariously liable for injury to a customer who slipped on a slippery substance left on floor by independent contractor hired to lay tile); *Damron v. C.R. Anthony Co.,* 586 S.W.2d 907 (Tex.Ct.Civ.App.1979) (owner of a commercial building held liable for damage to tenant's property when independent contractor hired to repair the roof left it inadequately covered during a rainstorm); *see also* Thomas E. Miller, Annotation, *Storekeeper's Liability for Personal Injury to Customer Caused by Independent Contractor's Negligence in Performing Alterations or Repair Work,* 96 A.L.R.3d 1213

(1979 & Supp.1991). In holding the owner liable, these courts relied on the Restatement exceptions to the general rule of employer nonliability, as well as public policy reasons.

Two of these cases are particularly persuasive. In *Misiulis,* the Michigan Court of Appeals held that a commercial landlord has a nondelegable duty to his tenants and others rightfully on the premises with respect to repairs undertaken by him and that the landlord cannot avoid this duty by hiring an independent contractor. *See Misiulis v. Milbrand Maintenance Corp.,* 218 N.W.2d at 74. The court relied on Restatement Section 420, which states:

A lessor of land who employs an independent contractor to make repairs which the lessor is under no duty to make, is subject to the same liability to the lessee, and to others upon the land with the consent of the lessee, for physical harm caused by the contractor's negligence in making or purporting to make the repairs as though the contractor's conduct were that of the lessor.

The Michigan court also noted that, " [w]hen the lessor "entrusts the repairs" to an independent contractor, the general weight of authority is that his duty of care in making them cannot be delegated, and he will be liable for the contractor's negligence.' " *Id.* at 71 (quoting William L. Prosser, *The Law of Torts* § 63, at 410–12 (4th ed. 1971)). *See generally* 49 Am. Jur.2d *Landlord and Tenant* § 875 (1970 & Supp.1991).

■ As with the plaintiff in *Misiulis,* plaintiff in this case is accused of contributory negligence. A disputed factual issue concerning whether the contractor placed warning signs alerting building occupants or passersby to the fact that the work was being performed by the independent contractor and indicating other means of access exist. Whether plaintiff contributed to her injuries through her own negligence and, if so, the resulting apportionment of the percentage of fault under our system of comparative negligence are factual determinations to be made by the fact finder. *See City of Albuquerque v. Redding,* 93

N.M. 757, 605 P.2d 1156 (1980); *Sheraden v. Black*, 107 N.M. 76, 752 P.2d 791 (Ct. App.1988).

In *Koepke*, the Arizona court adopted Restatement Section 422 as an exception to the general rule of employer nonliability for the negligence of independent contractors. *See Koepke v. Carter Hawley Hale Stores*, 682 P.2d at 428. Section 422 of the section of the Restatement provides:

A possessor of land who entrusts to an independent contractor construction, repair, or other work on the land, or on a building or other structure upon it, is subject to the same liability as though he had retained the work in his own hands to others on or outside of the land for physical harm caused to them by the unsafe condition of the structure

(a) while the possessor has retained possession of the land during the progress of the work....

■ After observing that cases from other jurisdictions have imposed such liability under the theory that the employer has a nondelegable duty to business invitees, *Koepke* identified three policy reasons for subjecting the owners to such liability. First, the owner obtains both the benefit of the contractor's work and the economic benefits of letting business invitees continue conducting business in the building. Second, an owner can insure against risks and incorporate these expenses into its overhead. Third, the owner is in a position to decrease costs and prevent or minimize risks. For example, the owner can hire an independent contractor that is financially responsible, insist that the contractor indemnify the owner for any loss due to the contractor's negligence, and require the contractor to follow safety procedures and remedy dangerous conditions. *Id.* at 428–29.

We consider the reasoning of the Arizona and Michigan courts to be sound and adopt their analysis in this appeal. In so doing, we conclusively apply those exceptions to the general rule of employer nonliability articulated in Sections 420 and 422 of the Restatement. *But see Fettig v. Whitman*, 285 N.W.2d 517, 522–23 (N.D.1979) (refusing to hold a general contractor vicariously liable for injury to property owner who fell through an open stairwell left uncovered by an independent contractor, despite acknowledging significant policy reasons for holding employer liable), *overruled on different issue by Shark v. Thompson*, 373 N.W.2d 859 (N.D.1985). Notably, Restatement Sections 420 and 422 are consistent with the law of New Mexico. *See Mitchell v. C & H Transp. Co.; Bober v. New Mexico State Fair*, 111 N.M. 644, 808 P.2d 614 (1991). We have not uncovered any precedent to the contrary.

■ Defendant benefitted economically from the continued operation of the commercial building throughout the repairs and could most easily distribute the loss occasioned by plaintiff's injury. Had the drop cloth been negligently placed by an employee of defendant while making similar repairs, defendant undoubtedly could be held liable. The only basis for avoiding liability is that defendant happened to hire an independent contractor to do the work. We see no principled basis for letting an owner of a building avoid the duty merely because of the manner in which he chose to have repairs done. We thus hold that an owner of a commercial building can be held vicariously liable for an independent contractor's negligence where the negligence created a dangerous condition causing injury to a business visitor in those areas of the building over which the owner retains control.

Our inquiry does not stop here, however. Defendant next argues that, even if he could normally be held liable for the negligence of the independent contractor, such negligence was "collateral" negligence only, for which he should not be held liable. Specifically, defendant relies on Restatement Section 426, which states:

[A]n employer of an independent contractor, unless he is himself negligent, is not liable for physical harm caused by any negligence of the contractor if

(a) the contractor's negligence consists solely in the improper manner in which he does the work, and

(b) it creates a risk of such harm which is not inherent in or normal to the work, and

(c) the employer had no reason to contemplate the contractor's negligence when the contract was made.

■ Comment a to Section 426 defines "collateral" negligence as "negligence which is unusual or abnormal, or foreign to the normal or contemplated risks of doing the work, as distinguished from negligence which creates only the normal or contemplated risk." Comment b sets forth the scope of the employer's liability:

The employer is required to contemplate, and to be responsible for, the negligence of the contractor with respect to all risks which are inherent in the normal and usual manner of doing the work under the particular circumstances.... He is not required to contemplate or anticipate abnormal or unusual kinds of negligence on the part of the contractor, or negligence in the performance of operative details of the work which ordinarily may be expected to be carried out with proper care, unless the circumstances under which the work is done give him warning of some special reason to take precautions, or some special risk of harm to others inherent in the work.

Defendant has not cited any cases in support of his contention. The establishment of the duty noted above is within the purview of this court as a matter of law. *E.g., Calkins v. Cox Estates,* 110 N.M. 59, 792 P.2d 36 (1990). Whether this duty was breached, resulting in negligence, is a question of fact. *See Cross v. City of Clovis,* 107 N.M. 251, 755 P.2d 589 (1988). It is generally true that an employer of an independent contractor is not liable for the collateral or casual negligence of a contractor. *Aceves v. Regal Pale Brewing Co.,* 24 Cal.3d 502, 156 Cal.Rptr. 41, 45, 595 P.2d 619, 623 (1979) (en banc). The distinction between collateral negligence and that which will render the employer liable has been termed, "a shadowy one at best." *Van Arsdale v. Hollinger,* 68 Cal.2d 245, 66 Cal.Rptr. 20, 25, 437 P.2d 508, 513 (1968) (en banc). Based on this legal foundation,

"[t]his question, like the broader issue of whether there was a peculiar risk inherent in the work being performed, is a question of fact to be resolved by the trier of fact." *Caudel v. East Bay Mun. Util. Dist.,* 165 Cal.App.3d 1, 211 Cal.Rptr. 222, 227 (1985). *Cf. Edwards v. Ross,* 72 N.M. at 41, 380 P.2d at 190 (whether store proprietor was liable for plaintiff's slipping on floor that had been stripped by independent contractor the night before presented jury question).

■ Under the facts of this appeal, the drop cloth may have been placed negligently on the floor, thus creating a dangerous condition that prevented that portion of the building over which defendant retained control from being kept reasonably safe. Under such circumstances, defendant's failure to rectify the dangerous condition would make him liable for plaintiff's injury because the independent contractor's negligence fell within the bases for normally holding defendant liable. Whether the use and the possibly negligent placement of a drop cloth by the independent contractor was a normal risk that should have been contemplated by defendant when the work was contracted is a question of fact. *See Lockowitz v. Melnyk,* 1 A.D.2d 138, 148 N.Y.S.2d 232, 233 (1956) (issue of whether the danger is inherent in the independent contractor's work and should be reasonably anticipated depends on the facts of each case). We thus hold that, whether any negligence in leaving the drop cloth on the floor in such a manner as to cause injury to a plaintiff is "collateral" negligence presents a question of material fact that cannot be resolved by summary judgment.

CONCLUSION

Based on the record before us, we hold that defendant was not free from vicarious liability as a matter of law merely because he hired an independent contractor to paint the building that remained open and over which defendant retained ultimate control. In these circumstances, defendant may be found liable for the negligence of the independent contractor. Whether the placement of the drop cloth and warnings relating to the painting project were "peculiar"

or "collateral", however, presents a question of material fact.

Before this issue can be resolved, however, the threshold question of whether the independent contractor was negligent in his placement of the drop cloth must first be addressed. If this question is answered affirmatively, the fact finder next must consider whether defendant, in light of the duty discussed in this opinion, was vicariously liable. The final factual issue to be determined is the amount, if any, of comparative fault to be assessed against plaintiff. These outstanding factual issues negate the viability of the order of summary judgment in this case.

We therefore reverse the trial court's summary judgment in defendant's favor, order that plaintiff's claim against defendant be reinstated, and remand for further proceedings not inconsistent with this opinion. Plaintiff is awarded her costs on appeal.

IT IS SO ORDERED.

DONNELLY and BLACK, JJ., concur.