[S.F. No. 23768. June 8, 1979.]

ENRIQUE A. ACEVES, Plaintiff and Appellant, v.
REGAL PALE BREWING COMPANY et al.,
Defendants and Appellants;
STATE COMPENSATION INSURANCE FUND,
Intervener and Respondent.

504

506

**COUNSEL**

Boccardo, Blum, Lull, Niland & Bell, Edward J. Niland and Stanley A. Ibler, Jr., for Plaintiff and Appellant.

Shovlin & Lahde, Shovlin & Babin, James P. Shovlin and Norbert C. Babin for Defendants and Appellants.

James J. Vonk, George S. Bjornsen and Walter G. Watson for Intervener and Respondent.

**OPINION**

**MANUEL, J.**—Plaintiff Enrique Aceves brought this action for damages for personal injuries sustained while working for Arons Building Wrecking Company (Arons) on the job of demolition of brewery buildings owned by defendants Regal Pale Brewing Company, Maier Brewing Company and General Brewing Company. State Compensation Insur-

ance Fund, the carrier for Arons, filed a complaint in intervention for reimbursement of the sum of $1,679.30 paid in workers' compensation benefits to Aceves. The jury returned a general verdict in favor of plaintiff Aceves for $22,140. In response to special interrogatories the jury found that there was contributory negligence on the part of plaintiff and that the proportion of such negligence to the total negligence proximately causing the accident was 5 percent, that the proportion of chargeable negligence on the part of plaintiff's employer was 75 percent, and that the proportion chargeable to defendants was 20 percent.

After a further hearing on the issue of the application of comparative negligence principles to the verdict, the court rendered its judgment that defendants were liable for 20 percent of the total verdict, amounting to $4,428, and that plaintiff in intervention's claim was to be reduced by 75 percent to the amount of $419.18. Plaintiff's recovery was therefore set at $4,008.18 ($4,428 less $419.82). Since plaintiff's recovery was less than the jurisdictional amount for superior court, the court in its discretion allowed plaintiff 20 percent of his costs and plaintiff in intervention 25 percent of its costs pursuant to Code of Civil Procedure section 1032, subdivision (d).

Plaintiff appeals from the judgment, contesting only the propriety of the court's reduction of his recovery by the proportionate amount attributable to his employer's negligence. Defendants cross-appeal, arguing that the evidence is insufficient to support the judgment and that certain instructions were erroneous.

In resolving the issue of the sufficiency of the evidence, we are bound by established rules of appellate review to view all factual matters in the light most favorable to the prevailing party. (*Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 925 [101 Cal.Rptr. 568, 496 P.2d 480]; *In re Marriage of Mix* (1975) 14 Cal.3d 604, 614 [122 Cal.Rptr. 79, 536 P.2d 479].) Accordingly, all conflicts are resolved in plaintiff's favor in the following summary of the evidence regarding the accident.

On February 7, 1973, plaintiff was sent by his union to work as a laborer for Arons, which had contracted with defendants to demolish brewery buildings in San Francisco. Plaintiff's foreman called him to assist in attempting to dislodge a steel panel weighing about 500 pounds that blocked removal of a door on the street level of the building. Plaintiff and the foreman pushed on the panel from the inside while, unbeknown to them, a bulldozer pushed on the door from the outside. In this struggle

of man versus machine, man lost; the door gave way, the panel fell and struck plaintiff on the shoulder, throwing him into a large pile of broken beer bottles.

The contract between defendants and Arons did not provide for any special precautions to be taken by Arons during the course of the demolition. All equipment and labor was to be furnished by Arons; defendants exercised no control over the project.

Plaintiff presented evidence that demolition operations are an inherently dangerous activity which require a number of special precautions to prevent the risk of injury to the workers from falling materials. Because of the special hazards presented by demolition operations, customary safety standards require that heavy equipment such as a bulldozer not be operated in an area where workers are working without a flagman or other warning device and that the work be carefully coordinated so that one worker does not do something that endangers another. Evidence was also presented that on a demolition job of this size it would be normal custom and practice for the owner of the property to have an inspector on the job.

Pursuant to the instructions given to the jury defendants were found liable under the peculiar risk doctrine, a well-recognized exception to the rule that one who employs an independent contractor is not liable for injuries caused by the negligence of the contractor. (*Griesel* v. *Dart Industries, Inc.* (1979) 23 Cal.3d 578, 585 [153 Cal.Rptr. 213, 591 P.2d 503]; *Van Arsdale* v. *Hollinger* (1968) 68 Cal.2d 245, 253 [66 Cal.Rptr. 20, 437 P.2d 508]; Rest.2d Torts, §§ 413, 416.) A number of considerations have led courts to depart from the rule of nonliability of an employer for the torts of an independent contractor. Some of the principal ones are that the employer is the one who primarily benefits from the contractor's work, the employer selects the contractor and is free to insist on a competent and financially responsible one, the employer is in a position to demand indemnity from the contractor, the insurance necessary to distribute the risk is properly a cost of the employer's business, and the performance of the duty of care is one of great public importance. (*Van Arsdale* v. *Hollinger, supra,* 68 Cal.2d at p. 253; *Widman* v. *Rossmoor Sanitation, Inc.* (1971) 19 Cal.App.3d 734, 747 [97 Cal.Rptr. 52].)

The applicable law on the peculiar risk doctrine is stated in sections 413 and 416 of the Restatement Second of Torts. (See *Woolen* v. *Aerojet General Corp.* (1962) 57 Cal.2d 407 [20 Cal.Rptr. 12, 369 P.2d 708]; *Ferrel*

v. *Safway Steel Scaffolds* (1962) 57 Cal.2d 651 [21 Cal.Rptr. 575, 371 P.2d 311]; *Van Arsdale* v. *Hollinger, supra,* 68 Cal.2d at p. 254.) ■ Section 416 states that "One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise." Section 413 differs from section 416 only to the extent that it imposes direct liability on the employer when he has made no provision in the contract or otherwise for the taking of required precautions.[1] (*Griesel* v. *Dart Industries, Inc., supra,* 23 Cal.3d at pp. 585-586; Rest.2d Torts, § 416, com. c.)

■ "A peculiar risk is a risk which is peculiar to the work to be done and arises out of its character or the place where it is to be done, and against which a reasonable person would recognize the necessity of taking special precautions." (*Griesel* v. *Dart Industries, supra,* 23 Cal.3d at p. 586; Rest.2d Torts, §§ 413, com. b., 416, com. b.) It is something other than the ordinary and customary dangers which may arise in the course of the work or of normal human activity. " 'Peculiar' does not mean that the risk must be one which is abnormal to the type of work done, or that it must be an abnormally great risk. It has reference only to a special, recognizable danger arising out of the work itself."[2] (Rest.2d Torts, § 413, com. b.)

The determination of whether a danger is recognizable requires consideration of the employer's knowledge and experience in the field of work to be done. (Rest.2d Torts, § 413, com. f; *Widman* v. *Rossmoor Sanitation, Inc., supra,* 19 Cal.App.3d at pp. 746-747.) "[A]n inexperienced widow employing a contractor to build a house is not to be expected to have the same information, or to make the same inquiries, as to whether the work to be done is likely to create a peculiar risk of physical harm to others, or to require special precautions, as is a real

---

[1] The word "others" as used in sections 413 and 416 of the Restatement Second of Torts clearly includes an employee of an independent contractor who, like a third party, may sue the contractor's employer under the peculiar risk doctrine. (See *Van Arsdale* v. *Hollinger, supra,* 68 Cal.2d at p. 254; *Woolen* v. *Aerojet General Corp., supra,* 57 Cal.2d at p. 411.)

[2] We use the term "peculiar risk" because that is the terminology used in the Restatement Second of Torts and in our prior cases. We note, however, that the term "special risk" might be a more apt description of the doctrine.

estate development company employing a contractor to build the same house." (Rest.2d Torts, § 413, com. f.)

Liability under the peculiar risk doctrine does not extend to so-called "collateral" or "casual" negligence on the part of the contractor or his employees. (*Van Arsdale* v. *Hollinger, supra,* 68 Cal.2d at p. 252.) "Casual" or "collateral" negligence has sometimes been described as negligence in the operative detail of the work, as distinguished from the general plan or method to be followed. Although this distinction can frequently be made, since negligence in the operative details will often not be within the contemplation of the employer when the contract is made, the distinction is not essentially one between operative detail and general method. "It is rather one of negligence which is unusual or abnormal, or foreign to the normal or contemplated risks of doing the work, as distinguished from negligence which creates only the normal or contemplated risk." (Rest.2d Torts, § 426, com. a; see Prosser, Law of Torts, 4th ed. (1971) pp. 474-475.)

The evidence in this case, viewed in the light most favorable to plaintiff (see *In re Marriage of Mix, supra,* 14 Cal.3d at p. 614), was sufficient to support a finding that the demolition work involved a recognizable risk of harm to the workers from falling structures unless special precautions were taken. The fact that defendants were not builders or demolishers does not compel a conclusion that they should not have been expected to recognize the risk and take or require the taking of reasonable precautions. Defendants as business enterprises are *not in the same position as the inexperienced widow referred to in the* Restatement. Although defendants may not have had as much knowledge and experience regarding the dangers of demolition work as builders or demolishers, it is not unreasonable to expect them as business entities to have recognized that the work to be done would require the taking of special precautions to prevent harm to both the workers and the public. (Cf. *Ferrel* v. *Safway Steel Scaffolds, supra,* 57 Cal.2d at p. 656; *Widman* v. *Rossmoor Sanitation, Inc., supra,* 19 Cal.App.3d at pp. 746-747.)

Certainly the risk that someone may be hurt if precautions are not taken to assure that no one is standing behind a wall that is being knocked over is a "special, recognizable danger arising out of" demolition work. (Rest.2d Torts, § 413, com. b.) Indeed, one of the specific illustrations given in the Restatement as an example of work involving a peculiar risk of harm involves the demolition of a building (Rest.2d Torts, § 413, com. c.), and prior California authorities are in accord. (See, e.g.,

*Elder* v. *Pacific Tel. & Tel. Co.* (1977) 66 Cal.App.3d 650, 659 [136 Cal.Rptr. 203]; *Widman* v. *Rossmoor Sanitation, Inc., supra,* 19 Cal.App.3d at p. 746; *Van Arsdale* v. *Hollinger, supra,* 68 Cal.2d at p. 252.) Since there is evidence that the contractor failed to take special precautions to avoid the special risk involved, we conclude that the evidence is sufficient to support the verdict against defendants under the peculiar risk doctrine.

■ Defendants also argue for reversal on the ground that the trial court erred in two of the instructions it gave to the jury. One such error occurred when, in giving certain further instructions to the jury, the court read the entire text of BAJI No. 8.30 rather than the modified version that had been agreed upon and given earlier.[3] We fail to see how this inadvertent error could have been prejudicial to defendants, for the full text of BAJI No. 8.30 merely added the converse of the rule stated in the modified version that had been given earlier at defendants' request.

■ The other claimed error is in the instruction on the allocation of the burden of proof. We agree with defendants that it was error in this case to instruct that they had the burden to prove that plaintiff's employer was negligent. Defendants would ordinarily have the burden to prove such a matter when they raise it as an affirmative defense to the claim for reimbursement of workers' compensation benefits. (See *Witt* v. *Jackson* (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641].) When, as in this case, however, plaintiff seeks to establish defendants' liability under the peculiar risk doctrine by proving that his injuries were caused by his employer's negligence in failing to take special precautions, his employer's negligence is part of his case against defendants who engaged his employer. Since it would be wholly confusing to instruct the jury that both plaintiff and defendants have the burden of proving the employer's negligence, a choice must be made between them. We believe the burden should be in this case on plaintiff, for defendants should not be

---

[3]The court originally gave the modified text of BAJI No. 8.30 at defendants' request as follows: "Now, where the contractor has taken complete control of the premises where the accident occurred and the owner has retained no control of the premises, then the owner owes no duty of care to the employees of the contractor to avoid exposing such employees to an unreasonable risk of harm." In subsequent instructions to the jury, however, the court inadvertently gave the full text of BAJI No. 8.30 as follows: "Now, an owner of premises who employs a contractor to perform work thereon, but who remains in control of the premises where the work is being done, owes to the employees a duty to exercise ordinary care in the management of such premises in order to avoid exposing such employees to an unreasonable risk of harm. [¶] If, however, the contractor has taken complete control of the premises where the accident occurred and the owner has retained no control of that part of the premises, then the owner owes no such duty of care to the employees of the contractor."

prejudiced in their defense of plaintiff's action by the happenstance that the independent contractor they employed was also plaintiff's employer. The matter of the employer's claim for reimbursement of workers' compensation benefits, while important, is relatively subsidiary, and may be resolved by having the jury make findings as to the comparative negligence of the parties, as was done in this case. In the case at bench, however, the error does not appear prejudicial. On the basis of the entire record the jury assessed the comparative negligence of the parties, 75 percent to plaintiff's employer for failing to take the necessary special precautions, 20 percent to defendants for failing to require the taking of special precautions, and 5 percent to plaintiff. We find no reasonable probability that the jury would have done so differently had it been instructed that plaintiff rather than defendants had the burden of proving the employer's negligence. (Cal. Const., art. VI, § 13; *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

 Finally, we reach plaintiff's contention that the trial court erred in its application of comparative negligence principles to the verdict. It is now clear from *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578, 590 [146 Cal.Rptr. 182, 578 P.2d 899], and *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 829, 842-843, footnote 9 [150 Cal.Rptr. 888, 587 P.2d 684], that plaintiff's recovery should not have been reduced by the proportionate amount attributable to his employer's negligence. As explained in our recent decision in *Associated Construction,* the proper method of computing plaintiff's recovery is to first subtract from the total award the proportionate amount attributable to plaintiff's negligence ($22,140 minus $1,107 equals $21,033) and then to subtract the proportionate amount attributable to the employer's negligence up to the amount of the workers' compensation benefits paid ($21,033 minus $1,679.30 equals $19,353.70).[4] (22 Cal.3d at p. 842.) Since Arons' percentage share of responsibility for plaintiff's recovery is greater than the compensation benefits it paid, its carrier's claim for reimbursement should be denied. (*Ibid.*) Thus, plaintiff Aceves should recover $19,353.70 in damages and the total amount of his costs, $2,366.30. Plaintiff in intervention, State Compensation Insurance Fund, should recover nothing. Accordingly, the

[4]*Associated Construction* did not involve the question of apportioning the plaintiff's negligence. We are persuaded by the reasoning in *Lemos* v. *Eichel* (1978) 83 Cal.App.3d 110, 118 [147 Cal.Rptr. 603], that the proportionate amount attributable to plaintiff's negligence should be deducted first from the total award. Such a procedure more closely complies with the *Li* test by reducing the plaintiff's damages "in proportion to the amount of negligence attributable to the person recovering." (*Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804, 829 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393].)

judgment is modified to provide that plaintiff is awarded $19,353.70 as damages and $2,366.30 in costs, and that plaintiff in intervention is awarded nothing. As so modified, the judgment is affirmed. Plaintiff is entitled to interest on the total award at the rate of 7 percent per annum from the date of entry of judgment, October 7, 1975. (*Snapp* v. *State Farm Fire & Cas. Co.* (1964) 60 Cal.2d 816 [36 Cal.Rptr. 612, 388 P.2d 884]; *Stockton Theatres, Inc.* v. *Palermo* (1961) 55 Cal.2d 439 [11 Cal.Rptr. 580, 360 P.2d 76].) Plaintiff shall recover his costs on appeal from defendants. State Compensation Insurance Fund and defendants shall bear their own costs.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Richardson, J., and Newman, J., concurred.