Judith C. **HUDDLESTON**, as Parent and Next Friend of Jami N. Huddleston and Jennifer B. Huddleston, Minors, Plaintiffs–Appellees,

v.

**UNION RURAL ELECTRIC ASSOCIATION**, a Colorado corporation, Defendant–Appellant.

No. 93CA1598.

Colorado Court of Appeals, Div. I.

April 6, 1995.

Rehearing Denied May 25, 1995.

Breit, Bosch, Levin & Coppola, P.C., John L. Breit, Frank W. Coppola, Bradley A. Levin, Denver, Pryor, Carney and Johnson, P.C., Thomas L. Roberts, Elizabeth C. Moran, Englewood, for plaintiffs-appellees.

Hall & Evans, L.L.C., Alan Epstein, John D. Phillips, Robert J. McCormick, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Union Rural Electric Association, appeals the judgment entered on the jury's verdict in favor of plaintiffs, Jamie N. and Jennifer B. Huddleston, surviving minor children of James D. Huddleston. We affirm.

On January 28, 1987, James D. Huddleston and others were killed in the crash of a single-engine plane in the mountains near Nucla, Colorado. A separate division of this court in *Huddleston v. Union Rural Electric Ass'n,* 821 P.2d 862 (Colo.App.1991) reversed a jury verdict in favor of plaintiffs. The supreme court in *Huddleston v. Union Rural Electric Ass'n,* 841 P.2d 282 (Colo.1992)

(*Huddleston I* ) reversed that decision and remanded the cause with directions to order a new trial.

At the retrial, defendant admitted, and the jury was instructed, that the pilot was negligent and that his negligence caused the crash. It denied, however, that the activity the pilot was employed to perform was inherently dangerous. Because the parties stipulated to the amount of damages, the only issue before the jury was whether the flight was inherently dangerous.

The jury resolved that issue in favor of plaintiffs and the resulting judgment is now before us.

I.

Defendant asserts that the trial court erred in instructing the jury with respect to the "inherently dangerous" exception to the general rule of non-liability of an employer for the acts of an independent contractor. We disagree.

In *Huddleston I,* the supreme court reiterated the general rule that a person hiring an independent contractor to perform work is not liable for the negligence of the independent contractor except that when work to be done is dangerous in itself, or is of a character inherently dangerous unless proper precautions are taken, an employer cannot evade liability by engaging an independent contractor to do such work.

However, the supreme court was persuaded that *Western Stock Center, Inc. v. Sevit, Inc.,* 195 Colo. 372, 578 P.2d 1045 (1978) does not adequately identify the legal criteria by which to determine whether an activity may be properly characterized as inherently dangerous for purposes of the rule of vicarious liability.

The court concluded:

that an activity will qualify as 'inherently dangerous' when it presents a special or peculiar danger to others that is inherent in the nature of the activity or the particular circumstances under which the activity is to be performed, that is different in kind from the ordinary risks that commonly confront persons in the community, and that the employer knows or should know is

inherent in the nature of the activity or in the particular circumstances under which the activity is to be performed. In addition, although an activity may be inherently dangerous, an employer will not be liable for injuries caused by the collateral negligence of its independent contractor in performing that activity.

*Huddleston I, supra,* 841 P.2d at 290.

In *Huddleston I,* the supreme court held that an activity may be inherently dangerous, even if it can be performed safely by taking proper precautions, and acknowledged that the determination whether an activity is inherently dangerous will ultimately depend on the state of the evidence bearing on that issue. It then set forth the elements by which the trial court is to determine whether a verdict should be directed against the plaintiff and in favor of the employer. The supreme court was satisfied that contracting with a charter airplane service to fly passengers in the wintertime is not *per se* an inherently dangerous activity. It was also convinced that the evidence created an issue of fact for the jury as to whether all the elements of the inherently dangerous activity exception were proven by a preponderance of the evidence.

## A.

Here, defendant asserts that the court erred in refusing its tendered jury instruction, which allegedly is supported by principles enunciated in Restatement (Second) of Torts § 413 comment f (1965); *Stark v. Weeks Real Estate,* 94 Cal.App.3d 965, 156 Cal.Rptr. 701 (1979); and *Aceves v. Regal Pale Brewing Co.,* 24 Cal.3d 502, 156 Cal. Rptr. 41, 595 P.2d 619 (1979). We perceive no error.

■ A party is entitled to an instruction on its theory of the case if it is supported by the evidence. *Hoffman v. Schafer,* 815 P.2d 971 (Colo.App.1991), *aff'd on other grounds,* 831 P.2d 897 (Colo.1992). However, this principle was not violated here.

Restatement (Second) of Torts § 413 (1965) provides:

Again, as in the case of the rule stated in § 411 the extent of the employer's knowl-

edge and experience in the field of work to be done is to be taken into account. . . .

■ The tendered instruction stated as follows:

The determination of whether a special risk is recognizable requires consideration of the defendant Union Rural Electric's knowledge and experience in the field of work to be done.

Defendant asserts that, as a matter of law, the trial court's ruling was incorrect since under Restatement (Second) of Torts §§ 416 and 427 (1965), the determination of whether a danger is recognizable requires consideration of the employer's knowledge and experience in the field of work to be done. We reject this assertion.

Initially, we note that the supreme court in *Huddleston I* commented that § 413 of the Restatement is not directly applicable in this case. The supreme court also considered the provisions of the Restatement and case authority from other jurisdictions before determining the elements applicable here.

*Huddleston I* relied on Restatement (Second) of Torts § 427 (1965), which provides:

One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger.

Here, the court gave an instruction virtually identical to this provision.

Further, the instruction given by the trial court concerning the elements to be proven in order for an activity to be considered inherently dangerous was essentially that set forth in *Huddleston I,* which required:

(1) that the activity in question presented a special or peculiar danger to others inherent in the nature of the activity or the particular circumstances under which the activity was to be performed;

**868**

(2) that the danger was different in kind from the ordinary risks that commonly confront persons in the community;

(3) that the employer knew or should have known that the special danger was inherent in the nature of the activity or in the particular circumstances under which the activity was to be performed; and

(4) that the injury to the plaintiff was not the result of the collateral negligence of the defendant's independent contractor.

By so instructing the jury, the trial court set forth the objective test outlined by the supreme court. In contrast, the tendered instruction would limit the knowledge requirement to a subjective test. It also is ambiguous in that the jury is neither directed how to account for defendant's knowledge and experience nor told how much weight is to be placed on those factors.

We thus conclude that the trial court followed the directions set forth in *Huddleston I* and did not err in refusing defendant's tendered instruction.

### B.

 Defendant further asserts that the court erred in refusing its tendered instruction which provided as follows:

2. That the danger was different in kind from the ordinary risks to which persons in general are commonly subjected by the ordinary forms of negligence which are usual in the community.

We reject this contention.

The trial court, as set forth above, did instruct the jury that one of the elements to be proven was "that the danger was different in kind from the ordinary risks that commonly confront persons in the community." Defendant's tendered instruction would have replaced this element. Although it is clear that the supreme court in *Huddleston I* considered the additional language proposed by defendant, which is that set forth in Restatement (Second) of Torts § 416, comment d (1965), the instruction given tracks the language set forth in the elements ultimately delineated by the supreme court.

### II.

Plaintiffs contend that because defendant's appeal is frivolous, they are entitled to an award of their attorneys' fees, expenses, and multiple costs. We disagree.

An appeal is frivolous if the proponent can present no rational argument based on the evidence or the law in support of proponent's claim or defense, or the appeal is prosecuted for the sole purpose of harassment or delay. *Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984).

While plaintiffs are entitled to costs pursuant to C.A.R. 39, we find no basis for an award of attorneys' fees.

Judgment affirmed.

METZGER and CASEBOLT, JJ., concur.