Opinion
 

 COTTLE, P. J.
 

 Larry R. Borges was rounding up cattle for his employer on April 5,1988, while driving an all-terrain vehicle. He ran into a cable and suffered injuries to his head, neck, arms, chest and spine. Shortly thereafter, Borges began receiving workers’ compensation benefits for his industrial disability from his employer’s carrier, State Compensation Insurance Fund (SCIF).
 

 Borges also filed an action in the superior court against the landowner on whose land he was injured. The civil case eventually was settled for $57,500.
 

 By the time of the settlement, SCIF had paid Borges more than $46,000 in workers’ compensation benefits. As a consequence, it applied for a lien on Borges’s recovery, pursuant to Labor Code section 3856, subdivision (b). SCIF agreed to release its lien in the civil action for $17,000, provided that its right to a credit against
 
 further
 
 claims for workers’ compensation benefits was in no way compromised.
 
 [1]
 
 After deducting SCIF’s lien and Borges’s attorney’s fees and costs, Borges received a net recovery in the civil action of $22,435.57.
 

 
 *582
 
 In June 1995, four and one-half years after the civil case settled, the workers’ compensation judge (WCJ) made a finding that Borges’s employer had not been negligent. The WCJ also ordered that SCIF “receive credit in the amount of $22,435.57, towards any workers’ compensation benefits due [Borges], said sum representing the net recovery by [Borges] from third party tortfeasor.” The WCJ deferred findings on the amount to be awarded Borges for permanent disability and for future medical treatments.
 

 In February 1996, the WCJ determined that Borges was entitled to $20,475 from SCIF for his permanent disability. From this sum, any amounts SCIF had already paid
 
 [2]
 
 were to be deducted. As this award was less than the amount of SCIF’s statutory credit of $22,435.57, SCIF had no further obligation toward Borges. Nevertheless, the WCJ ordered SCIF to pay Borges’s reasonable attorney’s fees in the sum of $3,000, noting, “This lien is a priority which attached prior to determination of third party credit.” SCIF filed a petition for reconsideration with the Workers’ Compensation Appeals Board (WCAB), which denied the petition on May 13, 1996.
 

 SCIF now petitions this court to annul, vacate and set aside the WCAB opinion and order denying reconsideration. We shall annul the order and direct WCAB to issue a new decision not inconsistent with this opinion.
 

 Discussion
 

 An employer
 
 [3]
 
 that has paid workers’ compensation benefits to an employee whose industrial injury was caused, in whole or in part, by the negligence of a third party, may seek reimbursement for the benefits paid and for certain other expenses from the third party tortfeasor.
 
 [4]
 
 The employer may seek reimbursement by (1) filing an independent action against the third party (Lab. Code, § 3852), or (2) by intervening in the employee’s lawsuit against the tortfeasor (Lab. Code § 3853), or (3) by asserting a lien against the employee’s recovery in the third party lawsuit (Lab. Code, §§ 3856, subd. (b), 3862).
 
 (Witt
 
 v.
 
 Jackson
 
 (1961) 57 Cal.2d 57, 69 [17 Cal.Rptr. 369, 366 P.2d 641].) In the instant case, SCIF applied for a lien in Borges’s third party action for the amount of benefits paid (approximately $46,000). Later, it agreed to release its lien for the amount of $17,000.
 

 
 *583
 
 As noted, reimbursement applies to benefits paid
 
 prior to
 
 a third party judgment or settlement. With respect to
 
 future
 
 workers’ compensation benefits due the injured party, a different mechanism applies—credit. An employer is entitled to a credit against its obligation to pay further compensation benefits in the amount of the worker’s
 
 net
 
 recovery against the third party tortfeasor. (Lab. Code, §§ 3858, 3861.)
 

 An employer who receives reimbursement for benefits paid prior to settlement of a third party suit does not thereby lose its statutory right to credit.
 
 (Hodge
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 (1981) 123.Cal.App.3d 501, 511 [176 Cal.Rptr. 675].) Nor does an employer who, as here, settles for only part of its reimbursement claim.
 
 (Herr
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 (1979) 98 Cal.App.3d 321, 327 [159 Cal.Rptr. 435].) As one noted commentator explains, “The right to credit and to a lien are separate and distinct, and waiver of the latter does not necessarily mean waiver of the credit right. Nor does a lien recovery, by way of a judgment or settlement in the third-party action, constitute a waiver of the right to claim a credit or to have determined the amount of any credit to be allowed in the compensation proceedings.” (1 Hanna, Cal. Law of Employee Injuries and Workers’ Compensation (1996) § 11.42[5][a], p. 11-107, fns. omitted.)
 

 Labor Code section 3861 provides that the employer’s credit shall be applied against the employer’s “liability for compensation.” “Compensation,” in this context, is given a broad, expansive meaning. As explained in
 
 State Compensation Ins. Fund
 
 v.
 
 Workers’ Comp. Appeals Bd. (Brown)
 
 (1982) 130 Cal.App.3d 933, 942 [182 Cal.Rptr. 171], every benefit payable to or on behalf of the employee that is enumerated in division 4 of the Labor Code is to be considered compensation liability which may be offset by the employer’s credit. Under this expansive reading, the following types of compensation payments may be offset by the credit: (1) disability indemnity; (2) medical-legal costs
 
 (State Compensation Ins. Fund
 
 v.
 
 Workers’ Comp. Appeals Bd. (McDowell)
 
 (1977) 76 Cal.App.3d 136, 138 [142 Cal.Rptr. 654]); (3) medical expenses and future medical expenses
 
 (Simmons
 
 v. L
 
 &S Lighting Fixture Co.
 
 (1978) 43 Cal.Comp.Cases 348); (4) penalties
 
 (State Compensation Ins. Fund v. Workers’ Comp. Appeals Bd. (Brown), supra,
 
 130 Cal.App.3d at p. 941); and (5) attorney’s fees awarded in the employee’s compensation case
 
 (ibid.).
 

 In
 
 State Compensation Ins. Fund
 
 v.
 
 Workers’ Comp. Appeals Bd. (Brown), supra,
 
 130 Cal.App.3d 933, the court was presented with a set of facts virtually identical to those in the instant case: the employee’s net
 
 *584
 
 recovery from a third party lawsuit exceeded the amount of benefits remaining due to the employee; the WCAB nevertheless granted a “priority lien” to the employee’s compensation attorney and ordered the employer to pay it before applying the statutory credit.
 
 [5]
 

 The Court of Appeal ruled that the “lien for attorney fees is improper. The Board’s authority to award liens for attorney fees derives from section 4903, subdivision (a). [Fn. omitted.] That section specifies that the lien is to be allowed ‘against any sum
 
 to be paid
 
 as compensation The Board acknowledged that funds might not be available once the amount defendant owed was credited; yet it nevertheless awarded plaintiff’s attorney $650. . . . [T]he effect would be to coerce defendant to pay $650 more than it owed in the workers’ compensation proceeding. This the Board cannot do. [Fn. omitted.] If the credit proves greater than the outstanding debt the attorney fees will have to be considered as paid. [][]... [T]he lien for $650 in attorney fees shall stand only if and to the extent any sums remain payable to the employee after application of the credit.”
 
 (State Compensation Ins. Fund
 
 v.
 
 Workers’ Comp. Appeals Bd. (Brown), supra,
 
 130 Cal.App.3d at pp. 942-943.)
 

 Despite this binding authority, the WCJ and WCAB decided in this case to ignore
 
 Brown
 
 and instead rely on a “writ denied” California Compensation Case,
 
 Liberty Mutual Ins. Co.
 
 v.
 
 Workers’ Comp. Appeals Bd. (Sota)
 
 (1995) 60 Cal.Comp.Cases 342. In that case, the parties stipulated that the employer was “ ‘entitled to credit for applicant’s net third party recovery against all classes of benefits, including rehabilitation benefits, pursuant to
 
 Oldaker v. McGratin Steel Company,
 
 46 [Cal.Comp.Cases] 186 (1981).’ ”
 
 (Ibid.)
 
 The employer argued it was “entitled to credit against all classes of benefits, and that such credit included a credit against the allowed attorney’s fees.”
 
 (Id.
 
 at p. 343.) The WCJ disagreed, finding that “ ‘Attorney fees are not clearly indicated as compensation benefits.’ ”
 
 (Ibid.)
 
 The WCJ’s reasoning was that “ ‘. . . [attorney's fees is
 
 [sic]
 
 not a form of compensation as it does not directly innure [sic] to . . . the applicant.’ ”
 
 (Ibid.)
 
 The WCAB affirmed the decision of the WCJ judge, finding that, “ ‘although the parties stipulated that defendant was entitled to “credit for applicant’s net third party recovery
 
 *585
 
 against all classes of benefits,” the parties did not expressly classify attorney’s fees as a compensation benefit for purposes of credit. . . .’ ”
 
 (Ibid.)
 

 As discussed earlier, the term “compensation” in the context of an employer’s credit under Labor Code section 3681 is given a broad meaning. The narrow meaning prescribed by the WCJ in
 
 Sota
 
 is not in accord with any of the case law on this subject. As pointed out in Hanna, “Every payment conferred by Division 4 of the Labor Code is to be considered compensation liability and may be offset by credit or included in the employer’s judgment or lien.” (1 Hanna, Cal. Law of Employee Injuries and Workers’ Compensation,
 
 supra,
 
 § 11.42[5][b], p. 11-109, fh. omitted.)
 

 Moreover, it is not in dispute that attorney’s fees awarded in the workers’ compensation case are considered compensation which is subject to the credit offset.
 
 (State Compensation Ins. Fund
 
 v.
 
 Workers’ Comp. Appeals Bd. (Brown), supra,
 
 130 Cal.App.3d 933; 1 Hanna, Cal. Law of Employee Injuries and Workers’ Compensation,
 
 supra,
 
 § 11.42[5][d], p. 11-110, fn. omitted; Cal. Workers’ Compensation Practice (Cont.Ed.Bar 1985) § 14.96, p. 615 [noting that “. . . Attorney fees are ordinarily the responsibility of the applicant”];
 
 id.,
 
 § 14.97, pp. 615-616;
 
 id.
 
 (Cont.Ed.Bar Supp. 1996) § 14.97, p. 266; Cal. Workers’ Damages Practice (Cont.Ed.Bar 1985) § 5.3, p. 109.)
 

 Indeed in another recent “writ denied” compensation case, the general rule that attorney’s fees are compensation subject to the credit was applied. In
 
 Parker
 
 v.
 
 Workers’ Compensation Appeals Bd.
 
 (1994) 59 Cal.Comp.Cases 151, the WCJ was persuaded by the employee’s attorney to grant him a priority lien before application of the third party credit. The employer moved for reconsideration. The WCAB granted the motion, “vacating the award of a priority lien to Parker’s attorney for reasonable fees and amending one of the WCJ’s finding of fact, with the result that Parker’s attorney would be entitled to a reasonable fee, or any fee, only after the exhaustion of SCIF’s credit, and then only should funds become available.”
 
 (Id.
 
 at p. 152.)
 

 In the present case, the WCJ and the WCAB disregarded the binding authority cited above and instead chose to rely upon
 
 Sota,
 
 a case clearly erroneous in its narrow construction of the word “compensation” in the context of the employer credit statute. (Lab. Code, § 3861.) The correct rule is that the attorney may be paid only if there are benefits still owing to Borges out of which his lien may be satisfied.
 

 Disposition
 

 The order of the WCAB denying reconsideration is annulled, and the WCAB is ordered to issue a new opinion not inconsistent with this order.
 
 *586
 
 Borges’s attorney’s request for fees for having to oppose a petition with no reasonable basis (Lab. Code, § 5801) is denied. Each party to bear its own costs on appeal.
 

 Bamattre-Manoukian, J., and Mihara, J., concurred.
 

 [1]
 

 On the settlement, SCIF’s attorney wrote in the following: “ ‘State Fund does
 
 not
 
 waive, release or agree to diminish its right to credit against Mr. Borges’ net third party recovery
 
 *582
 
 against any further claims for workers’ compensation benefits arising out of the April 5,1988 accident which is the subject of this release.’ ”
 

 [2]
 

 SCIF represents that it had paid Borges $8,039 in advances.
 

 [3]
 

 In this context, the word “employer” includes the employer’s workers’ compensation carrier.
 

 [4]
 

 Where some of the fault for the employee’s injuries is attributable to the employer, the employer’s reimbursement recovery is reduced proportionally.
 
 (Aceves
 
 v.
 
 Regal Pale Brewing Co.
 
 (1979) 24 Cal.3d 502, 512 [156 Cal.Rptr. 41, 595 P.2d 619].) In this case, however, the WCJ found that Borges’s employer was not negligent.
 

 [5]
 

 Specifically, the WCAB found; “ ‘The Board recognizes that, allowing credit to defendant, there may be insufficient remaining indemnity payable to applicant from which to deduct the fee of applicant’s attorney. Therefore, we are inclined to agree with counsel’s argument that his fee should be a priority lien against compensation, payable to counsel in advance of deduction of credit for settlement proceeds. . . . Therefore our decision after reconsideration will provide credit for settlement proceeds after payment of counsel’s lien of $650.00.’ ”
 
 (State Compensation Ins. Fund
 
 v.
 
 Workers’ Comp. Appeals Bd. (Brown), supra,
 
 130 Cal.App.3d at pp. 941-942.)